UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 05-17697 |
| | * | |
| ENTERGY NEW ORLEANS, INC. | * | CHAPTER 11 |
| | * | |
| DEBTOR | * | SECTION "B" |
| | * | |

**OBJECTIONS TO THE THIRD AMENDED DISCLOSURE STATEMENT FOR THE THIRD AMENDED CHAPTER 11 PLAN OF REORGANIZATION OF ENTERGY NEW ORLEANS, INC., DATED DECEMBER 20, 2006**

NOW INTO COURT, through undersigned counsel, comes Capital One, National Association, formerly known as Hibernia National Bank ("Capital One") and objects to the Third Amended Disclosure Statement for the Third Amended Chapter 11 Plan of Reorganization of Entergy New Orleans, Inc., Dated December 20, 2006 (the "Debtor's Third Amended Disclosure Statement") on the following grounds:

1.

The Debtor's Third Amended Disclosure Statement does not address the Order signed by this Court on August 4, 2006 (the "Order") and the affect of the Order on the Debtor's proposed plan. Under the Order, this Court allowed the setoff by the Debtor of approximately $15,057,000.00 against a portion of Capital One's secured claim in the captioned Chapter 11 case. Capital One's claim was and is secured by certain accounts receivable and other assets of the Debtor. After reviewing letters sent to the Court by certain attorneys, who appeared at the hearing concerning the debtor's setoff motion[1], and after a subsequent telephone

---

[1] The three e-mails with attached letters and other documents referred to in this pleading are attached hereto as Exhibits 1, 2, and 3, respectively.

conference among these attorneys and the Court, the Court added the last paragraph of the Order, which specifically states that nothing in the Order adjudicates the rights of any party in Adversary Proceeding No. 06-1153, entitled, Capital One, N.A., Formerly Known as Hibernia National Bank v. Entergy New Orleans, Inc., Debtor, Entergy Services, Inc., et al (the "Adversary Proceeding"). As the Court knows, the Debtor and several of its affiliates including its parent are parties to the Adversary Proceeding.

2.

The possible outcomes of the Adversary Proceeding should be described in the Debtor's Third Amended Disclosure Statement because they could affect security rights in certain of the Debtor's assets, transfers of funds, and related matters. For example, if the Court decides that $13,548,000.00 of the funds used to pay Capital One's secured claim are actually funds that were owned by Entergy Services, Inc., Entergy Corporation, Entergy Arkansas, Inc., Entergy Mississippi, Inc., System Energy Resources, Inc., or Entergy Operations, Inc., the Court may then also decide that those entities should be subrogated to Capital One's security rights in the Debtor's accounts receivable and other assets and treated accordingly under any plan, or the Court may choose to address the issues in this Adversary Proceeding in several other ways. The Third Amended Disclosure Statement should not state that Capital One's claim is only approximately $960,000.00 but should state that the Court has reserved the right to address all the issues in the Adversary Proceeding including possibly ordering payments to the non-debtor Entergy entities and a corresponding reinstatement of a portion or all of Capital One's original secured claim in the Chapter 11 case. Additionally, the Adversary Proceeding requests that the Court allow Capital One's secured claim as oversecured and entitled to all the rights related thereto.

No lien or other security or setoff right claimed by Capital One can be released until all issues in the pending Adversary Proceeding are finally resolved. The release of the Debtor, the estate, and the Debtor's affiliates including the parent provided in the Debtor's proposed plan violate the Order and are unenforceable, and the Third Amended Disclosure Statement should so state. In order to provide adequate information as required by the Bankruptcy Code, the Third Amended Disclosure Statement should provide this information to all parties-in-interest.

3.

The Third Amended Disclosure Statement should be amended to state that Capital One's secured claim was in the original principal amount of approximately $15,000,000.00 plus interest, fees, costs, and other expenses as provided in the documents attached to Capital One's proof of claim. It should also provide that it is secured by the assets and subject to the setoff rights provided in such documents. Finally, it should explain that the payment of approximately $15,057,000.00 through the setoff authorized by the Order was and is subject to the determination by this Court of the issues in the Adversary Proceeding that were specifically stated by this Court to not have been adjudicated in the Order.

WHEREFORE, Capital One respectfully requests that the Court not approve the Debtor's Third Amended Disclosure Statement until it is amended and supplemented to add the information stated hereinabove and to correct the inaccurate statements presently in the Debtor's' Third Amended Disclosure Statement.

Respectfully submitted,

**LEMLE & KELLEHER, L.L.P.**

By:   /s/Patrick Johnson, Jr.
    PATRICK JOHNSON, JR. (#7322)
    BRENT C. WYATT (#25308)
    601 Poydras Street, Suite 2100
    New Orleans, Louisiana 70130
    Telephone: (504) 584-9417
    Telecopy: (504) 584-9142

**Attorneys for Capital One, N.A., Formerly Known as Hibernia National Bank**

#634053