**UNITED STATES BANKRUPTCY COURT**

**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:<br><br>**ENTERGY NEW ORLEANS, INC.**<br><br>Debtor | Case No. 05-17697<br><br>Chapter 11<br><br>Section "B" |

# FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING THE CONFIRMATION OF THE FOURTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION OF ENTERGY NEW ORLEANS, INC., AS MODIFIED, DATED MAY 2, 2007

This matter came before the Court[1] on the confirmation of the Fourth Amended Chapter 11 Plan of Reorganization for Entergy New Orleans, Inc., as Modified, Dated May 2, 2007 (P-1962) (the "Debtor's Plan"), a copy of which is attached as Exhibit A to the Confirmation Order (the "Confirmation Order") that is separately Filed and that accompanies these Findings of Fact and Conclusions of Law Regarding the Confirmation of the Fourth Amended Chapter 11 Plan of Reorganization of Entergy New Orleans, Inc., as Modified, Dated May 2, 2007 (these "Findings and Conclusions").  The Court has considered the evidence presented and arguments made at the confirmation hearing (the "Confirmation Hearing") held on May 3, 2007, and the Waiver of

---

[1] Unless otherwise defined herein, capitalized terms used in these Findings and Conclusions shall have the same meaning ascribed to them in the Debtor's Plan.

{N1652730.3}

-1-

Certain Conditions to the Occurrence of the Effective Date, Dated May 3, 2007 (P-1972). The Court has taken judicial notice of the Docket, all pleadings and other documents Filed in this Bankruptcy Case, all Orders entered herein, and evidence and arguments presented at hearings during the pendency of this Bankruptcy Case.

**TABLE OF CONTENTS**

Page

I. JURISDICTION AND VENUE ................................................................................................... 3

II. NOTICE, SOLICITATION AND ACCEPTANCES OF THE DEBTOR'S PLAN ........................ 3

III. THE DEBTOR'S PLAN ................................................................................................................ 5

    A. THE DEBTOR'S PLAN COMPLIES WITH SECTION 1129 OF THE BANKRUPTCY CODE. ........................................................................................... 5

    B. EXECUTORY CONTRACTS AND UNEXPIRED LEASES. ......................................... 12

    C. TREATMENT OF CLAIM IN CLASS 9. ........................................................................ 13

    D. TREATMENT OF HOLDERS OF CLASS 3 CLAIMS. .................................................. 13

    E. EXCULPATION PROVISIONS OF THE DEBTOR'S PLAN. ....................................... 13

    F. RELEASE PROVISION IN SECTION 10.3(A) OF THE DEBTOR'S PLAN. ............... 14

    G. CDBG FUNDS. ................................................................................................................ 14

    H. HARTFORD KATRINA INSURANCE PROCEEDS. .................................................... 14

    I. MODIFICATIONS TO THE DEBTOR'S PLAN ............................................................. 15

After due deliberation, the Court hereby makes the following findings of fact and draws the following conclusions of law:[2]

## FINDINGS OF FACT AND CONCLUSIONS OF LAW:

### I. JURISDICTION AND VENUE

1. Entergy New Orleans, Inc. ("ENOI" or the "Debtor") is a Louisiana corporation, with its principal place of business located in Orleans Parish, Louisiana. Accordingly, venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Court has jurisdiction over this Bankruptcy Case, and to conduct the Confirmation Hearing, pursuant to 28 U.S.C. § 1334(a) and 28 U.S.C. § 157(b).

3. This contested matter is a core proceeding under 28 U.S.C. § 157(b)(b)(B) & (L).

### II. NOTICE, SOLICITATION AND ACCEPTANCES OF THE DEBTOR'S PLAN

4. On February 5, 2007, the Debtor Filed its Fourth Amended Disclosure Statement for the Chapter 11 Plan of Reorganization, as Modified (P-1676) (the "Debtor's Fourth Amended Disclosure Statement").

5. On February 13, 2007, the Court entered an Order (I) Approving the Debtor's Fourth Amended Disclosure Statement, (II) Scheduling Confirmation Hearings On (A) The Debtor's Fourth Amended Plan, as Modified, and (B) The Plan Proposed by the Official Committee of Unsecured Creditors, as Modified, (III) Fixing the Time for Accepting or Rejecting the Debtor's Fourth Amended Plan, as Modified, and (IV) Fixing the Time for Filing Objections to the Debtor's Fourth Amended Plan, as Modified, and/or the Plan Proposed by the Official Committee of Unsecured Creditors, as Modified (P-1708) (the "Disclosure Statement Order").

---

[2] To the extent applicable, all findings of fact are construed as conclusions of law and all conclusions of law are construed as findings of fact.

6. Also on February 13, 2007, the Court entered an Order Approving, with respect to the Debtor's Plan, (I) the Confirmation Hearing Notice, the Manner of Mailing and Service of the Solicitation Package and Confirmation Notice, and Publication of the Confirmation Hearing Date, (II) the Voting Rights and Procedures with Respect to the Insured Bonds, (III) the Voting Agent and the Procedures for Voting and Tabulation of Ballots, (IV) the Forms of Ballots, and (V) the Procedures for Allowing Claims for Voting Purposes (P-1707) (the "<u>Confirmation Procedures Order</u>").

7. In accordance with Bankruptcy Rules 2002, 3018, 3019, 9007, 9008 and 9014, together with the Disclosure Statement Order and the Confirmation Procedures Order, adequate notice of the time for filing objections to Confirmation of the Debtor's Plan and the transactions contemplated thereby and adequate notice of the Confirmation Hearing was provided to all Holders of Claims and Interests entitled to receive such notice under the Bankruptcy Code and the Bankruptcy Rules. Voting Agent's Certification of Publication of Confirmation Notice (P-1942) and the Voting Agent's Certificate of Service (P-1957). No Order or further notice of the Confirmation Hearing or the Confirmation of the Debtor's Plan is necessary or required.

8. The Debtor, as the plan proponent, and its directors, officers, employees, attorneys, Affiliates, agents and professionals have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code, the Bankruptcy Rules, the Disclosure Statement Order and the Confirmation Procedures Order.

9. BMC Group, Inc., the Voting Agent, served the Solicitation Packages (as that term is used in the Confirmation Procedures Order), and published the Publication Confirmation Hearing Notice (as that term is used in the Confirmation Procedures Order) in accordance with the requirements of the Confirmation Procedures Order. Voting Agent's Certificate of Service

{N1652730.3}

(P-1957). The Court finds that the foregoing notice is sufficient and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules and principles of due process.

### III. THE DEBTOR'S PLAN

#### A. The Debtor's Plan complies with section 1129 of the Bankruptcy Code.

10. **Compliance with section 1129(a)(1) of the Bankruptcy Code**. The Debtor's Plan complies with the applicable provisions of the Bankruptcy Code, as required by section 1129(a)(1) of the Bankruptcy Code, including but not limited each of the following non-exclusive matters.

(a) *Compliance with section 1122 of the Bankruptcy Code.* The Debtor's Plan adequately designates Classes of Claims and Interests. No one has objected to the Debtor's Plan on the basis that it does not comply with section 1129(a)(1) of the Bankruptcy Code.

(b) *Compliance with section 1123(a)(1) of the Bankruptcy Code.* The Debtor's Plan designates Classes of Claims and Interests (other than the Claims of a kind specified in section 507(a)(1), 507(a)(2) or 507(a)(7) of the Bankruptcy Code) as required by section 1123(a)(1) of the Bankruptcy Code. Debtor's Plan, at Section 2.3.

(c) *Compliance with section 1123(a)(2) and (a)(3) of the Bankruptcy Code.* The Debtor's Plan specifies the Classes of Claims and Interests that are Impaired or Unimpaired under the Debtor's Plan, as required by section 1123(a)(2) and (a)(3) of the Bankruptcy Code. Debtor's Plan, at Sections 3.1 and 3.2.

(d) *Compliance with section 1123(a)(4) of the Bankruptcy Code.* The Debtor's Plan provides for the same treatment for each Claim or Interest in a particular Class, unless the Holder of a particular Clam or Interest agrees to a less favorable treatment. Debtor's Plan, at Sections 5.1 through 5.12.

(e)     *Compliance with section 1123(a)(5) of the Bankruptcy Code*.  The Debtor's Plan contains adequate means for implementation, including a provision that the assets of the Estate shall vest in the Reorganized Debtor on and after the Effective Date in accordance with Section 6.1 of the Debtor's Plan.

(f)     *Compliance with section 1123(a)(6) of the Bankruptcy Code*.  The Debtor's Plan provides that, as of the Effective Date, the Reorganized Debtor's Amended and Restated Articles of Incorporation and Bylaws will prohibit the issuance of nonvoting equity securities to the extent required by section 1123(a) of the Bankruptcy Code.  Debtor's Plan, at Section 6.2(a) and <u>Plan Exhibit 6.2(a).</u>

11.    **Compliance with section 1129(a)(2) of the Bankruptcy Code**.  The Debtor, as the proponent of the Debtor's Plan, has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Disclosure Statement Order, and the Confirmation Procedures Order, as required by section 1129(a)(2) of the Bankruptcy Code.

12.    **Good faith and compliance with section 1129(a)(3) of the Bankruptcy Code**.  Consistent with the requirements of section 1129(a)(3) of the Bankruptcy Code, the Debtor's Plan has been proposed in good faith and not by any means forbidden by law.  No one has objected to the Debtor's Plan on the basis that it was not proposed in good faith.  All transactions contemplated by the Debtor's Plan were negotiated and consummated at arm's-length, without collusion, and in good faith.  In making the foregoing determinations, the Court has examined the totality of the circumstances surrounding the formulation of the Debtor's Plan and the solicitation of the votes to accept or reject the Debtor's Plan.  Furthermore, the Debtor's Plan represents extensive arms-length negotiations by and among the Debtor, FGIC, the Bond Trustee, the IRS and others, as well as their respective legal and financial advisors, and reflects

the best interests of the Debtor's Estate and the best interests of the Holders of Claims and Interests.

13. **Payment for services or costs and expenses under section 1129(a)(4) of the Bankruptcy Code**.  Any payment made or to be made for services or for costs and expenses incurred in, or in connection with, the Bankruptcy Case or the Debtor's Plan has been approved by or is subject to the approval of the Court as reasonable, as required by section 1129(a)(4) of the Bankruptcy Code.  Debtor's Plan, at Section 4.2(a) (Bond Trustee's Professional Fee Claim), Section 4.3 (FGIC Professional Fee Claim), Section 4.4(b)(i) (Professional Fee Claims), and Section 5.3(e) (Ad Hoc Bondholders Committee Fees).

14. **Directors, officers, and insiders under section 1129(a)(5) of the Bankruptcy Code**.  The Debtor, as the plan proponent, has disclosed the identity and affiliations of any individual proposed to serve as an officer or director, in compliance with section 1129(a)(5) of the Bankruptcy Code.  Plan Exhibit 6.2(b) (P-1926 and P-1941).  The appointment to, and continuance in such office by such individuals, is consistent with the interests of the Holders of Claims and Interests and public policy.  At the Confirmation Hearing, the Debtor also disclosed the identity of any insider who will be employed or retained by the Recognized Debtor and the nature of any compensation for such insider, in compliance with section 1129(a)(5) of the Bankruptcy Code.

15. **No rate changes under section 1129(a)(6) of the Bankruptcy Code**.  The Debtor's Plan does not impair, alter, modify, increase or decrease any pre-petition or post-petition (a) rate, tariff, regulatory order or regulatory proceeding of FERC or the City Council, (b) agreement relating to any such rate, tariff, order or proceeding, (c) right of appeal, action or collateral challenge that the Debtor, FERC or the City Council might have with respect to any of the

foregoing, or (d) the regulatory authority or jurisdiction of FERC or the City Council. Debtor's Plan, at Section 11.2. Therefore, the provisions of section 1129(a)(6) of the Bankruptcy Code have been satisfied.

16. **Best interests of creditors' test under section 1129(a)(7) of the Bankruptcy Code**. In accordance with section 1129(a)(7) of the Bankruptcy Code, each Holder of a Claim or Interest in an Impaired Class has either accepted the Debtor's Plan or will receive or retain under the Debtor's Plan on account of such Claim or Interest property of a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code. No Holder of a Claim or Interest objected to the Debtor's Plan on the basis that it violates the best interests of creditors' test under section 1129(a)(7) of the Bankruptcy Code.

17. **Acceptance of Classes under section 1129(a)(8) of the Bankruptcy Code**. Each Class of Claims or Interests is Unimpaired or is Impaired and has voted to accept the Debtor's Plan, as reflected in the following summary:

| **CLASS** | **DESCRIPTION** | **VOTING STATUS** | **VOTE** |
|---|---|---|---|
| Class 1 | Other Priority Claims | Unimpaired; not entitled to vote. | N/A |
| Class 2 | Capital One Secured Claim | Impaired. | Accept |
| Class 3 | Bond Claims | Impaired. | Accept |
| Class 4 | Other Secured Claims | Impaired. No Holders in Class. | N/A |
| Class 5 | General Unsecured Claims | Impaired. | Accept |
| Class 6 | Intercompany Claims | Impaired. | Accept |
| Class 7 | Litigation Claims | Unimpaired; not entitled to vote. | N/A |
| Class 8 | Workers' Compensation Claims | Unimpaired; not entitled to vote. | N/A |
| Class 9 | Government Environmental Claim | Unimpaired; not entitled to vote. | N/A |
| Class 10 | Odom Claim | Impaired. | Accept |
| Class 11A | 4.36% Preferred Series | Impaired. | Accept |
| Class 11B | 4.75% Preferred Series | Impaired. | Accept |
| Class 11C | 5.56% Preferred Series | Impaired. | Accept |
| Class 12 | Equity Interests | Impaired. | Accept |

Declaration of Voting Agent Regarding Solicitation and Tabulation of Votes in Connection With the Fourth Amended Chapter 11 Plan of Reorganization of Entergy New Orleans, Inc., As Modified, February 5, 2007 (the "Ballot Tabulation") (P-1598).

(a) *Class 5 (General Unsecured Claims).* Because Class 5 (General Unsecured Claims) voted to accept the Debtor's Plan, Ballot Tabulation (P-1958), in accordance with Option A of Section 5.5 of the Debtor's Plan, each Holder of a General Unsecured Claim will receive Cash equal to the aggregate amount of (a) the Allowed amount of such Holder's General Unsecured Claim, and (b) interest on the principal amount of the Allowed amount of such Holder's General Unsecured Claim at the following per annum interest rates: (i) six percent (6%) from the Petition Date through December 31, 2005; (ii) eight percent (8%) from January 1, 2006 through December 31, 2006; and (iii) the applicable Louisiana judicial interest rate (being nine and one-half percent (9.5%) plus one percent (1%) from January 1, 2007, until paid). If the Holder's General Unsecured Claim is Allowed on or before the Effective Date, the Disbursing Agent will make the distribution to the Holder within fifteen (15) days of the Effective Date. If, however, the Holder's General Unsecured Claim is not Allowed on or before the Effective Date, the Disbursing Agent will make the distribution to such Holder within fifteen (15) days after the earlier of the date on which (i) an Order allowing the General Unsecured Claim becomes a Final Order, or (ii) the Holder and the Debtor or Reorganized Debtor execute a Stipulation Regarding the Amount and Nature of the Claim.

(b) *Class 11A (4.36% Preferred Series).* Because the Holders of the 4.36% Preferred Series voted in favor of the Debtor's Plan, Ballot Tabulation (P-1958), in accordance with Option A of Section 5.11(a) of the Debtor's Plan, (i) the 4.36% Preferred Series will remain outstanding, (ii) within fifteen (15) days of the Effective Date, the Disbursing Agent will pay to

the Holders of the 4.36% Preferred Series any accumulated, unpaid dividends, and (iii) the Holders of the 4.36% Preferred Series will be entitled to the same rights and privileges that existed on the Effective Date; *provided, however*, on and after the Effective Date, the Unsecured Debt Provision will terminate and have no force or effect.

(c) *Class 11B (4.75% Preferred Series)*.  Because the Holders of the 4.75% Preferred voted in favor of the Debtor's Plan, Ballot Tabulation (P-1958), in accordance with Option A of Section 5.11(b) of the Debtor's Plan, (i) the 4.75% Preferred Series will remain outstanding, (ii) within fifteen (15) days of the Effective Date, the Disbursing Agent will pay to the Holders of the 4.75% Preferred Series any accumulated, unpaid dividends, and (iii) the Holders of the 4.75% Preferred Series will be entitled to the same rights and privileges that existed on the Effective Date; *provided, however,* on and after the Effective Date, the Unsecured Debt Provision will terminate and have no force or effect.

(d) *Class 11C (5.56% Preferred Series)*.  Because the Holders of the 5.56% Preferred Series voted in favor of the Debtor's Plan, Ballot Tabulation (P-1958), in accordance with Option A of Section 5.11(c) of the Debtor's Plan, (i) the 5.56% Preferred Series will remain outstanding, (ii) within fifteen (15) days of the Effective Date, the Disbursing Agent will pay to the Holders of the 5.56% Preferred Series any accumulated, unpaid dividends, and (iii) the Holders of the 5.56% Preferred Series will be entitled to the same rights and privileges that existed on the Effective Date; *provided, however*, on and after the Effective Date, the Unsecured Debt Provision will terminate and have no force or effect.

18. **Treatment of Administrative, Priority and Tax Claims under section 1129(a)(9) of the Bankruptcy Code**.  The treatment of Administrative Expense and Priority Claims complies with the provisions of section 1129(a)(9) of the Bankruptcy Code.

19. **Acceptance by Impaired Classes and compliance with section 1129(a)(10) of the Bankruptcy Code**. At least one Impaired Class of Claims, determined without including the acceptance by any insiders holding Claims in such Class, has voted to accept the Debtor's Plan. Therefore, the requirements of section 1129(a)(10) of the Bankruptcy Code have been satisfied. Ballot Tabulation (P-1958).

20. **Feasibility and compliance with section 1129(a)(11) of the Bankruptcy Code**. The Debtor's Disclosure Statement, the evidence at the Confirmation Hearing, and the other evidence proffered or adduced at the Confirmation Hearing with respect to feasibility (a) is persuasive and credible, and (b) establishes that Confirmation of the Debtor's Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtor, thus satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

21. **Payment of fees and compliance with section 1129(a)(12) of the Bankruptcy Code**. In accordance with section 1129(a)(12) of the Bankruptcy Code, the Debtor's Plan provides for payment on or before the Effective Date of all quarterly U.S. Trustee's Fees under 28 U.S.C. § 1930(a)(6). Debtor's Plan, at Sections 1.154 and 4.1(a)(ii).

22. **Continuation of Retiree Benefits and compliance with section 1129(a)(13) of the Bankruptcy Code**. The Debtor's Plan provides for the continued payment of retiree benefits, as defined in section 1114 of the Bankruptcy Code, for the duration of the period that the Debtor has obligated itself to provide such benefits, in compliance with section 1129(a)(13) of the Bankruptcy Code. Debtor's Plan, at Section 8.9.

23. **Other provisions of section 1129 of the Bankruptcy Code**. The provisions of Section 1129(a)(14), (a)(15) and (a)(16) are not applicable to the Debtor.

24. **Principal purpose and compliance with section 1129(d) of the Bankruptcy Code**. No party in interest, including any governmental unit or taxing authority, has requested the Court to deny confirmation of the Debtor's Plan on the grounds that the principal purpose of the Debtor's Plan is the avoidance of taxes or the avoidance of the applicable portions of section 5 of the Securities Act of 1933, and the primary purpose of the Debtor's Plan is not such avoidance. Therefore, the Debtor's Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

25. **No unfair discrimination; fair and equitable under section 1129(b) of the Bankruptcy Code**. The Debtor's Plan does not discriminate unfairly and is fair and equitable as to all Holders of Claims against and Interests in the Debtor.

B. **Executory Contracts and Unexpired Leases**.

26. Upon the Effective Date, the assumed Executory Contracts and Unexpired Leases[3] (a) shall constitute legal, valid, binding and enforceable contracts and leases in accordance with the terms thereof, (b) shall not violate any applicable law or regulation, and (c) the counterparties to each such Executory Contract or Unexpired Lease shall be required to perform under and honor the terms of the applicable assumed Executory Contract or Unexpired Lease.

27. The assumption of the assumed Executory Contracts and Unexpired Leases, including but not limited to the RB 30 PPA, the WBL PPA, the ISES PPA and the UPSA (collectively, the

---

[3] Pursuant to the Confirmation Order, with the exception of the Bonds the Bond Indenture and Mortgage, the FGIC Insurance Agreements and the Contracts with Affiliates, the Reorganized Debtor shall provide notice to each party whose Executory Contract or Unexpired Lease is being assumed pursuant to Section 8.1 of the Debtor's Plan of: (a) the Executory Contract or Unexpired Lease being assumed, if any; (b) the Cure Amount Claim, if any, that the Reorganized Debtor believes it would be obligated to pay in connection with such assumption; and (c) the procedures for such party to object to the assumption of the applicable Executory Contract or Unexpired Lease or the amount of the proposed Cure Amount Claim (the "Cure Amount Notice"). Each Executory Contract and Unexpired Lease assumed under the Debtor's Plan includes any modifications, amendments, supplements or restatements to such Executory Contract and Unexpired Lease, irrespective of whether such modifications, amendments, supplements or restatements is listed on Schedule B-1 to the Cure Amount Notice. The

"Contracts with Affiliates"), as well as the Bonds, the Bond Indenture and Mortgage and the FGIC Insurance Agreements, to the extent that the same are executory contracts within the meaning of section 365 of the Bankruptcy Code, is in the best interests of the Debtor, the Estate, and the parties in interest in this Bankruptcy Case.

      C.      **Treatment of Claim in Class 9**.

28.    Pursuant to Bankruptcy Rule 9019 and in consideration of distribution of $250,000, as provided in Section 5.9 of the Debtor's Plan, the compromise of the Government Environmental Claim as set forth in Class 9 is in the best interests of the Debtor and the Estate, is within the range of possible litigation outcomes, and is fair, equitable and reasonable in all respects.

      D.      **Treatment of Holders of Class 3 Claims.**

29.    Pursuant to section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019, the treatment provided to the Bondholders, the Bond Trustee and FGIC pursuant to Section 5.3 of the Debtor's Plan, as well as other applicable provisions of the Debtor's Plan (including without limitation the releases provided in Section 10.3(b) of the Debtor's Plan), shall be, and hereby is, deemed to constitute a settlement and compromise of all issues and Claims by and between the Debtor, the Bondholders, the Bond Trustee and FGIC in accordance with the Debtor's Plan and shall be, and hereby is, approved as fair, equitable, reasonable and in the best interests of the Debtor, its Estate, the Reorganized Debtor, and the Holders of Claims and Interests.

      E.      **Exculpation Provisions of the Debtor's Plan**.

30.    No one has objected to the exculpation provisions contained Section 10.8 of the Debtor's Plan. The failure to effect the exculpation provisions contained in Section 10.8 of the Debtor's Plan would impair the Debtor's ability to confirm the Debtor's Plan. The exculpation

---

Cure Amount Notice is attached to the Confirmation Order as Exhibit B.

provisions contained in Section 10.8 of the Debtor's Plan are fair, equitable and reasonable in all respects.

### F. Release Provision in Section 10.3(a) of the Debtor's Plan.

31. No one has objected to the release provisions contained in Section 10.3(a) of the Debtor's Plan. The failure to effect the release provisions contained in Section 10.3(a) of the Debtor's Plan would impair the Debtor's ability to confirm the Debtor's Plan. The release provisions of Sections 10.3(a) of the Debtor's Plan are fair, equitable and reasonable in all respects.

### G. CDBG Funds.

32. In accordance with the Order Approving Agreement By and Between the Debtor and the Office of Community Development (P-1939), and the Cooperative Endeavor Agreement approved therein, all CDBG Funds shall be exempt from existing or future Liens held by the Bond Trustee or the Bondholders, and, except to the extent necessary to reimburse audited expenditures for restoration, reconstruction and rebuilding, the Liens held by Entergy Corporation pursuant to the DIP Financing Final Order.

### H. Hartford Katrina Insurance Proceeds.

33. Pursuant to the Order Granting the Motion to Approve Settlement Agreement By and Between the Debtor and One of the Debtor's Excess Insurers, Hartford Steam Boiler Inspection and Insurance Company (P-1944), the Debtor or Reorganized Debtor has received or will receive an estimated $53.7 million (the "Hartford Katrina Insurance Proceeds"). Notwithstanding the occurrence of the Effective Date, the Hartford Katrina Insurance Proceeds (a) are free and clear of all Liens of the Bond Claims, and (b) shall not be delivered to the Bond Trustee notwithstanding any contrary provision of the Bond Indenture and Mortgage.

**I.      Modifications to the Debtor's Plan.**

34.     All modifications made to the Debtor's Plan after solicitation on the Debtor's Plan had commenced, as reflected in these Findings and Conclusions, satisfy the requirements of section 1127(a) of the Bankruptcy Code and Bankruptcy Rule 3019, are not material, and do not adversely affect the treatment and rights of the Holders of Claims or Interests under the Debtor's Plan who have not otherwise accepted such modifications.  Accordingly, the Debtor has satisfied section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019 with respect to the Debtor's Plan; and the Holders of Claims or Interests that have accepted or rejected the Debtor's Plan (or are deemed to have accepted or rejected the Debtor's Plan) are deemed to have accepted or rejected, as the case may be, the Debtor's Plan, as modified on the date hereof, pursuant to section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019.

New Orleans, Louisiana, this 7th day of May, 2007.

*J. A. Brown*
Jerry A. Brown
U.S. Bankruptcy Judge